UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PETRA PINEDA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CONSTRUCTION UNITED<br>SERVICES, LLC,<br><br>　　　　Defendant. | CIVIL ACTION NO.<br>1:19-CV-02072-JPB |

# ORDER

This matter is before the Court on Petra Pineda's ("Plaintiff") Motion for Default Judgment [Doc. 24]. This Court finds as follows:

## PROCEDURAL HISTORY

On May 7, 2019, Plaintiff filed a Complaint for Damages against Construction United Services, LLC ("Defendant") alleging that Defendant failed to pay her federally mandated overtime wages in violation of the Fair Labor Standards Act ("FLSA"). [Doc. 1]. Defendant moved to dismiss Plaintiff's Complaint for Damages on June 4, 2019. [Doc. 4]. On June 13, 2019, Plaintiff filed her First Amended Complaint for Damages ("Amended Complaint"). [Doc. 6]. Because the Amended Complaint was filed, the Court denied as moot Defendant's Motion to Dismiss. [Doc. 8]. Defendant never answered the

Amended Complaint. As a result, the Clerk entered default against Defendant on August 6, 2020. See August 6, 2020 Docket Entry. Thereafter, on October 9, 2020, Plaintiff filed the instant Motion for Default Judgment. [Doc. 24].

In Plaintiff's Amended Complaint, she alleges that she was employed by Defendant, an electrical contractor who performs work in both Georgia and North Carolina, from September 2018 to February 2019 as a material handler. [Doc. 6, pp. 2-4]. Plaintiff claims that she handled materials (cables, angle connectors, lighting products, etc.) that had been moved in interstate commerce. Id. at 4. Plaintiff further claims that Defendant's other employees used instrumentalities of interstate commerce, like computers, telephones and fax machines, which were manufactured outside the state of Georgia. Id. Significantly, Plaintiff contends that she was paid on an hourly basis and "regularly worked more than 40 hours in given workweeks and was not paid overtime compensation." Id. at 3. Alleging that Defendant knew or showed reckless disregard for the fact that it failed to pay overtime compensation, Plaintiff thus asserts that she is entitled to "recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of litigation incurred in connection with these claims." Id. at 7.

## ANALYSIS

1. <u>Legal Standard</u>

When a defendant fails to file an answer or otherwise defend, a court may enter judgment by default.  Fed. R. Civ. P. 55(b)(2).  Default judgments are typically disfavored.  <u>Surtain v. Hamlin Terrace Found.</u>, 789 F.3d 1239, 1244–45 (11th Cir. 2015).  "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'"  <u>Id.</u> at 1245.  In other words, "[t]he court may grant default judgment [only] on those claims brought by [the] [p]laintiff that are legally sufficient and supported by well-pleaded allegations."  <u>Earthlink, Inc. v. Log On Am., Inc.</u>, No. 1:02-cv-1921, 2006 WL 783360, at *1 (N.D. Ga. Mar. 24, 2006).  See also <u>Functional Prod. Trading, S.A. v. JITC, LLC</u>, No. 1:12-cv-0355, 2014 WL 3749213, at *11 (N.D. Ga. July 29, 2014) ("[I]n considering a motion for entry of default judgment, a court must investigate the legal sufficiency of the allegations of the plaintiff's complaint," and "a default judgment cannot stand on a complaint that fails to state a claim."). "Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim," and the Court must determine "whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Surtain</u>, 789 F.3d at 1244–45.

2. <u>Liability</u>

This Court will first analyze whether Plaintiff has stated a claim to relief under the FLSA.  The Eleventh Circuit Court of Appeals has recognized that the requirements to state a claim for an FLSA overtime violation are "quite straightforward." <u>Sec'y of Labor v. Labbe</u>, 319 F. App'x 761, 763 (11th Cir. 2008).  Under <u>Labbe</u>, a plaintiff need only show a failure to pay overtime compensation to a covered employee.  <u>Id.</u>  More specifically, to state a claim for unpaid overtime wages, a plaintiff must allege that:  (1) either the plaintiff or the defendant is covered by the FLSA; (2) the defendant was the plaintiff's employer; (3) the plaintiff worked in excess of forty hours per week; and (4) the defendant failed to pay overtime wages.  <u>Fresh v. Diamond Dev. & Invs. Inc.</u>, No. 1:13-cv-2657, 2016 WL 2745836, at *5 (N.D. Ga. May 11, 2016).  Importantly, "[t]here is no need to prove intent or causation that might require more extensive pleading." <u>Labbe</u>, 319 F. App'x at 763.  Moreover, "there is no requirement that [a plaintiff] explicitly state the amount of damage."  <u>Fresh</u>, 2016 WL 2745836, at *5.

An employer is covered by the FLSA if it has "(1) employees engaged in [interstate] commerce or handling goods moved in [interstate] commerce, and (2) annual gross volume of sales or business done of at least $500,000." <u>Id.</u>  In this case, Plaintiff alleged that Defendant is a private employer engaged in interstate

4

commerce and its gross revenues exceed $500,000 per year.  [Doc. 6, p. 3].

Plaintiff further alleged that Defendant conducts work in both North Carolina and

Georgia and its employees, including Plaintiff, handle goods moved in interstate

commerce.  Id. at 4.  These allegations are sufficient to show that Defendant is

covered by the FLSA.  See Fresh, 2016 WL 2745836, at *5.

Plaintiff has also sufficiently alleged that Defendant was her employer.

Plaintiff's allegations indicate that she was employed by Defendant from

September 2018 to February 2019 and during that employment, she was

economically dependent on Defendant.  [Doc. 6, pp. 2, 5].  Plaintiff's allegations

also make clear that throughout her employment, Defendant controlled her work

assignments, supervised her work and determined her rate of pay.  Id. at 5.  These

allegations are sufficient to show that Plaintiff was employed by Defendant.

Plaintiff must also allege facts to show that she worked more than forty

hours a week and overtime wages were not paid.  Here, Plaintiff alleged that

during her employment, she "regularly worked more than 40 hours in given

workweeks and was not paid overtime compensation."  Id. at 3.  While this

allegation is not detailed, this Court finds that a claim for relief for failure to

provide overtime compensation under the FLSA does not require more.  See

Labbe, 319 F. App'x at 763-64 (holding that an allegation that the defendant

"repeatedly violated" the FLSA by "failing to pay covered employees minimum hourly wages and to compensate employees who worked in excess of forty hours a week at the appropriate rates" was sufficient to state a claim of relief under the FLSA).

In sum, Plaintiff has sufficiently stated a claim under the FLSA because she has alleged facts to show that Defendant is covered under the FLSA and is her employer. She has also alleged facts to show that she worked more than forty hours per week and was not paid overtime wages.

3. Damages

An employer who violates the FLSA is liable to the employee in the amount of the unpaid overtime wages and in an equal amount as liquidated damages. 29 U.S.C. § 216(b). Here, Plaintiff seeks to recover both her unpaid overtime compensation as well as liquidated damages. Specifically, she seeks an award of $2,782.02 in total FLSA damages.

Under Federal Rule of Civil Procedure 55(b)(2), the Court may conduct a hearing to determine the amount of damages. "However, an evidentiary hearing for a determination of damages is not *always* required; rather, it is a decision that is left to the discretion of the Court." Gibson v. Kirkwood Bar & Grill, LLC, No. 2014 WL 632357, at *1 (N.D. Ga. Feb. 18, 2014). In fact, it is proper to enter a

default judgment without first conducting an evidentiary hearing on the amount of damages where the amount claimed is capable of mathematical calculation and "where all essential evidence is already of record." Id. Entering a default judgment without a hearing is appropriate here.

In support of her Motion for Default Judgment, Plaintiff submitted a Declaration which provides all the information the Court needs to calculate her unpaid overtime wages and liquidated damages under the FLSA. [Doc. 24-1]. Plaintiff's Declaration showed that from September 1, 2018, through November 1, 2018, Plaintiff, who was paid an hourly wage of $13.50, worked from 7:00 a.m. to 5:30 p.m. Monday through Friday with one hour off each day for lunch. Thus, she worked 9.5 hours per day five days per week, except for the first week because of the Labor Day holiday. Ultimately, Plaintiff showed that she earned 7.5 overtime hours per week for seven weeks, which would entitle her to $354.38 in additional wages.

Plaintiff's Declaration also showed that from November 1, 2018, through January 30, 2019, Plaintiff continued to work from 7:00 a.m. to 5:30 p.m. Monday through Friday with one hour off each day for lunch. She also worked from 7:00 a.m. until 12:00 p.m. on Saturdays. Based on this evidence, this Court finds that Plaintiff typically worked 52.5 hours per week, which amounts to 12.5 overtime

hours per week.  Excluding three weeks in which she did not work overtime because of the Thanksgiving, Christmas and New Year's holidays, Plaintiff's unpaid overtime wages are calculated as 12.5 overtime hours per week for eleven weeks, for a total of $928.13 in unpaid overtime wages.

On January 30, 2019, Plaintiff's hourly wage was increased to $14.00.  From January 30, 2019, to February 27, 2019, Plaintiff was scheduled to work from 7:00 a.m. to 5:30 p.m. Monday through Friday with one hour off each day for lunch. She was also scheduled to work from 7:00 a.m. until 12:00 p.m. on Saturdays.  As stated previously, Plaintiff was typically scheduled to work 52.5 hours per week, which amounts to 12.5 overtime hours per week.  As explained in her Declaration, Plaintiff did not work all her scheduled days from January 30, 2019, to February 27, 2019, and only worked 15.5 hours of overtime, for a total of $108.50 in unpaid overtime wages.

After analyzing the evidence presented, this Court finds that the sum of the unpaid overtime wages is $1,391.01.  The Court must also award liquidated damages unless it finds that Defendant:  (1) had "an honest intention to ascertain what [the FLSA] requires and to act in accordance with it," and (2) "had reasonable grounds for believing that [its conduct] was not a violation of the [FLSA]."  Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir.

1991).  Because Defendant has not made such a showing, liquidated damages in the amount of $1,391.01 are appropriate.  Ultimately, Plaintiff is entitled to a total award of $2,782.02.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment [Doc. 24] is **GRANTED**.  **IT IS HEREBY ORDERED** that Plaintiff shall recover $1,391.01 in unpaid overtime wages and an equal sum as liquidated damages, for a total monetary award of $2,782.02.  Plaintiff shall file her Motion for Attorney's Fees and Costs no later than thirty days from the date of this Order.

**SO ORDERED** this 8th day of April, 2021.

_____
J. P. BOULEE
United States District Judge

9